Johnson, Chief Judge.
From the evidence, we are clearly of the opinion that the entry, survey, and plat made on the warrant in favor of Archibald Gordon, were all regular, and vested in him a good equitable title in fee^to the land in controversy; and that as against him, or those claiming under him, the marking of said entry and survey as “ withdrawn,” and the entering another warrant on the.same land by Gregg and others, was wholly unauthorized and fraudulent, and his title thereby acquired null and void. Tn the light of the testimony of E. P. Kendrick, the surveyor, who indorsed the word “ withdrawn ” on the entry and plat, there can be no doubt of this.
Archibald Gordon, Sr., who located this warrant, was a revolutionary soldier, who died (at a date not given) intestate, leaving an only son and heir, Archibald Gordon, Jr., who inherited this land.
*510 June 27,1827, the son, his father being still alive, conveyed the same to Benjamin F. Hart, under whom plaintiffs claim. Gordon, Sr., survived for some years after this deed was made by the son to Hart in 1827. Gordon, Jr., survived his father, and the claim of plaintiffs is, that as this land descended to him, his title thus acquired passed to Hart under the deed of June 27, 1827, which ivas made during the father’s lifetime. The title of the elder Gordon, acquired by his location, survey, and entry, vested in him an equitable estate in fee in the land. This descended to his son on his death, subsequent to the son’s deed to Hart.
As Gregg’s title in fee simple, under his entry and patent, was, as against the prior entry of Gordon, fraudulent and void, it follows that, as against Gordon or those claiming under him, he has no paramount title, and that the latter would be entitled to the relief sought. But Gordon, the elder, and the owner of this equitable title, never conveyed the same. It is alleged that it passed by descent to Gordon, the son.
It also is shown, that this son, during the life of the father, conveyed the laud to Hart, and it is claimed, on behalf of plaintiffs, that this after-acquired title by descent to the son passed to Hart and his heirs by way of estoppel. This depends upon the terms of this deed.
The following is a cop3>- of that instrument:
“.This indenture, made and entered into this twenty-seventh day of June, in the year of our Lord eighteen hundred and twenty-seven, between Archibald Gordon, late of Cecil county, Maiyland, of the one part, and Stephen F. Hart, of the county of Baltimore, in the State of Maryland, of the other part, witnesseth that Archibald Gordon, for and in consideration of one hundred dollars, paid by Joseph Hart, he doth grant, bargain, and sell unto Stephen F. Hart, his heirs and assigns forever, all his lands in Ohio, Indiana, and Illinois — one tract in Ohio, surveyed on military warrant No. 6,508, and on entry No. 12,017, by D. S. of military lands in Ohio, beginning on the waters of Rush creek, at a stake northwest corner to Alexander *511 Parker’s survey No. 9,958, in the line of Sawyer’s survey No. 10,239, thence south 12° east 246 poles to two beeches in the line of Sawyer’s to a corner in Aiken’s survey Nos. 10.387 and 10,388, thence with his line of said survey south 78° west 134 poles to an ash and beech, thence north 12° west 246 poles to a hickory and elm in the line of Sawyer’s said survey, thence north 78° east 134 poles to the beginning, containing two hundred acres, more or less; also, all the land surveyed on warrant 5,684, and on entry No. 838, in the military tract of Ohio; also, 1G0 acres in the military district of Illinois, patented to Archibald Gordon.
“ To have and to hold the same forever.
“ In witness whereof, the said party of the first part hath hereunto set his hand and affixed his seal, the day and year aforesaid. ARCHIBALD GORDON, [seal.]
“ Signed, sealed, and delivered in the presence of
“ JOHN AI^QUITH,
“ SAM’L T. DEWEES.”
It will be noted that there are no covenants of warranty in this deed, nor are there any recitals of fact, which would estop the grantor or his heirs from asserting an after-acquired title. Neither does this deed purport to convey any interest of the grantor in the# premises.
At the date of this deed the grantor had no interest in the land that could be assigned or released.
No one is an heir to the living. During the father’s life? all that the son had was a mere naked possibility, not coupled loith an interest, -which could not be released, assigned, or devised. Neither would it descend to his heirs. It could only be extinguished by estoppel. Needles v. Needles, 7 Ohio St. 433; Jackson v. Waldron, 13 Wend. 178; 4 Kent’s Com. 262, and note.
As Gordon, Jr., the grantor, had no such interest in the estate, owned by his father, as could be conveyed, this deed, if it operate at all, must do so by -way of estoppel, by reason of the covenants of warranty or recitals in it. Jackson v. Wright, 14 Johnson, 193; Coke on Litt. § 446; Dart v. Dart, 7 Conn. 259; Nash v. Spofford, 10 Met. 192.
*512 Coke, in commenting upon section 446 of Littleton, says : “ Eor if there be a warranty annexed to the release, the son shall be bound. Eor, albeit, the release can not bar the right, yet the warranty may rebut or bar him and his heirs of a future right, which was not in him at the time; and the reason (which, in all cases, is to be sought) wherefore a warranty, being a coveuant real, should bar a future right, is for avoiding a circuity of action, which is not favored iu law; as he that made the warranty should recover the land of the terretenant, and he, by force of the warranty, to have as much in value against the same person.” See also Sheppard’s Touch. 182.
In Lessee of Boyd v. Longworth, 11 Ohio, 258, it is said: “An express warranty is the only contract which has the effect to estop the warrantor. . . . The covenant must be one running with the land.” This rule is recognized and strongly affirmed in White v. Brocaw, 14 Ohio St. 339; Kinsman v. Loomis & Wood, 11 Ohio, 475.
Counsel for plaintiffs rely on Kinsman v. Loomis.
In that case, it is said that a person defending his possession on no other ground than that one of the grantors had no title, is bound, by the recitals of the deed, to the same extent as if he were privy to the grantor. -This rests upon the ground, it is said, that he is not a stranger, but privy in estate to him whose title he retains, and is concluded by what destroys it in his hands; for it is not just that a stranger, standing on the claim of the grantor only, and relying on no superior right, should be permitted to contest the existence of a fact which those interested have settled.
In that case, the claim was that Swift, the grantor, had no title at the time of his conveyance, because it did not contain covenants of warranty, but it did contain a recital, under a whereas, to the effect that the lawful owner had conveyed to him. It was held that the recital was as , effectual as a warranty to bind Swift and his heirs and assigns, and that a stranger, who rests his defense solely on *513 the defects of Swift’s title, was bound by such recital by Swift.
Applying that principle to this case, the claim is that as Gregg has no title, his defense rests solely on the defects of plaintiff’s title, and he is, therefore, as effectually estopped as plaintiff’s grantor would be if he were here, defending; instead of Gregg.
Admit this to be so, the question then is: Would Archibald Gordon, the son, or his heirs or assignees, if defending in this action, be estopped by reason of any recitals in this deed of June 27,1827? We think not; for it is well settled, that where no estoppel arises from warranty, recital, or otherwise, a release or conveyance operates only on existing rights. Lessee of Kinsman v. Loomis, 12 Ohio, 478.
In the deed before us, as there are no covenants of warranty, nor any recitals of fact that he had any title, or any right to make the conveyance, there is nothing that would estop the grantor, either at law or in equity, from settiug up an after-acquired title, where, as in this case, there is no possession under the deed, and no charge of fraud in the transaction. See Doe v. Oliver, 2 Smith’s Leading Cases, 605-828; for a full discussion of this question, where all the cases are ably reviewed.
These plaintiff's have not shown any equities in themselves, or their grantor, Hart, such as possession, improvements, payment of purchase money after title was acquired, or any act of Gordon, the son, after the death of his father, ratifying his previous deed, or any fraud on his grantees, so as to make him a fraudulent grantor, or that it would otherwise operate as an equitable estoppel against him. No such estoppel therefore exists as against Gregg, though in possession under a fraudulently-acquired title.
The title acquired by Archibald Gordon, the son, by descent, is outstanding in him or his heirs or assignees. They are not parties to this action, and, as plaintiff’s title is defective, because the conveyance under which they claim does not cover the' after-acquired title of their grantor, *514 they have no such equitable estate as authorizes the relief sought.

Judgment affirmed.

Scott, J., clid not set in this ease.